IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL M. WOODS,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      Civil Action No. 24-1085-GBW-SRF
                                    )
WARDEN SCOTT CERESINI, *et al.*,    )
                                    )
            Defendants.             )

## REPORT AND RECOMMENDATION

Pending before the court in this civil rights action are the following motions: (1) a motion to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Scott Ceresini, Lieutenant Long, Sergeant Hubbs, Sergeant Madigan, and Sergeant Runnie (collectively, the "Moving Defendants"), (D.I. 27), and associated motions filed by plaintiff Daniel M. Woods ("Plaintiff") pertaining to the briefing on the motion to dismiss, (D.I. 43; D.I. 46);[1] (2) a motion to stay the deadlines to respond to discovery, filed by Captain Mitchell, Sergeant McTeer,[2] and the Moving Defendants (collectively, "Defendants"), (D.I. 34);[3] (3) Plaintiff's motion to compel an answer or order default judgment, (D.I. 42);[4] and (4) Plaintiff's sixth motion to appoint counsel, (D.I. 45).[5] For

---

[1] The briefing and filings associated with the Moving Defendants' motion to dismiss are found at D.I. 28, D.I. 29, D.I. 31, D.I. 32, and D.I. 51. Because the court considered all filings and motions pertaining to the pending motion to dismiss, Plaintiff's "Motions for Supplemental Arguments" in support of his answering brief are GRANTED. (D.I. 43; D.I. 46)

[2] Mitchell and McTeer do not join the Moving Defendants' motion to dismiss. They filed an answer to the amended complaint. (D.I. 30)

[3] The briefing associated with Defendants' pending motion to stay discovery response deadlines is found at D.I. 35.

[4] The briefing associated with Plaintiff's motion to compel is found at D.I. 47.

[5] Defendants did not respond to Plaintiff's sixth motion to appoint counsel. Plaintiff filed two letters in support of his motion to appoint counsel. (D.I. 49; D.I. 52)

the following reasons, I recommend that the court GRANT-IN-PART the Moving Defendants' motion to dismiss. Defendants' motion to stay discovery deadlines is DENIED as moot, and Plaintiff's motion to compel and sixth motion to appoint counsel are DENIED.

## I.      BACKGROUND

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff's amended complaint asserts causes of action for excessive force and denial of medical care in violation of the Eighth Amendment of the United States Constitution, as well as a due process claim under the Fourteenth Amendment for confinement in segregation. (D.I. 19 at 1)  The pleaded allegations focus on events that occurred on January 26, 2024, when Plaintiff was an inmate at Sussex Correctional Institution ("SCI"). On that date, Plaintiff was ordered to provide a urine test but was unable to complete the test due to an unspecified medical condition.  (*Id.* at ¶ 13)

The amended complaint alleges that Plaintiff informed Hubbs and Mitchell he needed a cane to walk to the receiving room and the isolation unit following the failed urine test.  (*Id.* at ¶ 14)  According to Plaintiff, Mitchell denied Plaintiff's request and forced him to walk to the receiving room without a cane.  (*Id.*)  Once he arrived at the receiving room Mitchell and Hubbs left, and McTeer escorted Plaintiff from the receiving room to the medical office.  (*Id.* at ¶¶ 15-19)  Plaintiff again requested the use of a cane, but McTeer denied the request and forced Plaintiff to carry bedding and clothing.  (*Id.*)

The nurse who assessed Plaintiff in the medical office informed McTeer that Plaintiff required the use of a cane as ordered by the prison medical doctor.  (*Id.* at ¶ 20)  McTeer nonetheless required Plaintiff to walk from the medical office to the isolation unit without a cane, with his hands cuffed behind his back.  (*Id.* at ¶¶ 22-23)  Plaintiff asked McTeer to bring him to a handicap cell since he was not given a cane, but the handicap cell was already occupied by

another inmate. (*Id.* at ¶ 24) Plaintiff was not given his cane for six and a half days. (*Id.* at ¶ 27)

Plaintiff was written up for refusing to cooperate in drug abuse testing. (*Id.* at ¶ 30) The amended complaint alleges that, during the disciplinary hearing on Plaintiff's write-up, defendant Long declined to call Plaintiff's witnesses and failed to contact the medical department about the medical condition that allegedly prevented Plaintiff from being able to complete a urinalysis. (*Id.* at ¶¶ 31-32) According to the operative pleading, Long's actions violated Plaintiff's due process rights under the Fourteenth Amendment. (*Id.* at ¶ 46)

## II.    LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-91 (3d Cir. 2016).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

3

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## III.  ANALYSIS

### A.  Motion to Dismiss[6]

"To state a [Section] 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)); *accord L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016). Because liability in a Section 1983 action is personal in nature, a defendant must have been personally involved in the wrongful conduct. That is, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). "Personal

---

[6] The motion to dismiss focuses on the alleged lack of personal involvement by the Moving Defendants. It does not challenge the sufficiency of the claims for deliberate indifference to medical needs, excessive force / misuse of force, or due process violations on an element-by-element basis under Rule 12(b)(6).

involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred); *Evancho v. Fisher*, 423 F.3d 347, 353-54 (3d Cir. 2005).

Ceresini is named as a defendant based on pleaded allegations that he implemented several illegal policies and/or failed to correct those policies. (D.I. 19 at ¶¶ 28-29 & E3) The amended complaint does not allege that Ceresini participated in the actions that purportedly violated Plaintiff's constitutional rights or that he expressly directed the deprivation of Plaintiff's constitutional rights. The averments that Ceresini implemented policies are conclusory and do not plausibly suggest that subordinates lacked discretion in applying those policies in a manner that would uphold Plaintiff's constitutional rights. *See Richards v. Jones*, 31 F. Supp. 3d 630, 634-35 (D. Del. 2014). Accordingly, I recommend that the court GRANT the Moving Defendants' motion to dismiss the claims against Ceresini.

The amended complaint does not include any allegations identifying actions or inaction by Madigan and Runnie in relation to the alleged violations of Plaintiff's constitutional rights. The amended pleading alleges that Madigan and Runnie were present at Plaintiff's urine test, but these allegations do not plausibly establish their personal involvement in forcing Plaintiff to walk

5

without his cane. (D.I. 19 at ¶ 13) Consequently, I recommend that the court GRANT the Moving Defendants' motion to dismiss the claims against Madigan and Runnie.

I recommend that the court GRANT-IN-PART the motion to dismiss with respect to Long. The Moving Defendants correctly argue the amended complaint does not allege Long's personal involvement in a misuse of force or deliberate indifference to Plaintiff's medical needs. (D.I. 27 at 4-5) Therefore, I recommend that the court GRANT the motion to dismiss the misuse of force and deliberate indifference claims against Long. However, the Moving Defendants do not directly challenge Plaintiff's due process claim against Long under the Fourteenth Amendment. The amended complaint alleges that Long denied Plaintiff due process at his disciplinary hearing by declining to call Plaintiff's witnesses or review Plaintiff's medical records, which allegedly showed why Plaintiff could not complete his urinalysis. (D.I. 19 at ¶¶ 30-32, 46) I recommend that the court DENY the motion to dismiss Plaintiff's due process claim against Long.

I recommend that the court DENY the motion to dismiss with respect to Hubbs. The amended complaint contends that Plaintiff informed Hubbs and Mitchell he needed a cane to walk, and Hubbs and Mitchell then escorted Plaintiff from the testing location to the receiving room without a cane. (*Id.* at ¶ 14) Plaintiff complained of the severe pain he experienced during his walk with Mitchell and Hubbs, and he alleges both Mitchell and Hubbs denied Plaintiff's request for a cane. (*Id.*) Although the amended complaint indicates Mitchell was the driving force behind the denial of Plaintiff's request for a cane, the averments regarding Hubbs are sufficient at this stage to demonstrate his actual knowledge and acquiescence. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

### B.  Nondispositive Motions

#### 1.  Defendants' motion to stay discovery response deadlines

Defendants ask the court to stay their deadline to respond to Plaintiff's discovery requests until a ruling on the motion to dismiss is issued.  (D.I. 34 at 3)  The motion to stay is DENIED as moot because the instant Report and Recommendation on the motion to dismiss eliminates the basis for the requested stay.  *See Monroe v. FTS USA, LLC*, C.A. No. 25-362-JLH-LDH, 2026 WL 622263, at *6 (D. Del. Mar. 5, 2026), *report and recommendation adopted*, 2026 WL 792167 (D. Del. Mar. 20, 2026).

#### 2.  Plaintiff's motion to compel

Plaintiff contends that each Defendant is required to file an answer to the amended complaint, but only two of the seven Defendants did so in this case.  (D.I. 42)  Accordingly, Plaintiff seeks an order compelling the five remaining Defendants to respond to the amended complaint or entering default against those five Defendants.  (*Id.*)

Plaintiff's motion to compel is DENIED.  In accordance with the Federal Rules of Civil Procedure, Defendants may respond to the operative pleading by filing either an answer or a Rule 12 motion within 21 days of the date the operative pleading is docketed.  Fed. R. Civ. P. 12(a) & (b); *see Landolfi v. Jones*, 2024 WL 4651795, at *3 n.3 (D.N.J. Nov. 1, 2024) (declining to separately address a *pro se* plaintiff's motion to compel an answer to the complaint because the defendants timely served a motion to dismiss, and explaining that "a defendant may serve a responsive pleading—answer or motion—within twenty-one days after being served with the summons and complaint" under Rule 12(a)).  Here, each Defendant timely responded to Plaintiff's amended complaint by either filing an answer or moving to dismiss.  (D.I. 27; D.I. 30)

### 3. Plaintiff's motion to appoint counsel

Pending before the court is Plaintiff's sixth motion for appointment of counsel. (D.I. 45)

Plaintiff's five previous motions were addressed as follows:

| Docket # | Date Filed | Disposition |
|----------|-----------|-------------|
| D.I. 5 | 9/27/2024 | DENIED without prejudice. (D.I. 9) |
| D.I. 12 | 1/24/2025 | DENIED without prejudice. (D.I. 18) |
| D.I. 21 | 6/23/2025 | DENIED without prejudice. (D.I. 26) |
| D.I. 39 | 4/20/2026 | DENIED without prejudice. (D.I. 40) |
| D.I. 41 | 4/27/2026 | DENIED without prejudice. (D.I. 44) |

In his most recent motion, Plaintiff contends that he is not permitted to call the court despite paying for his own phone calls, and he claims that the prison does not permit him to mail letters to the court. (D.I. 45) The docket contradicts Plaintiff's representations. The court has received no less than five filings from Plaintiff since he filed the pending motion to appoint counsel on April 27, 2026. (D.I. 46; D.I. 48; D.I. 49; D.I. 50; D.I. 52) A comprehensive review of the docket confirms that Plaintiff is receiving case filings and has responded to those filings prolifically. The court may, in its discretion, extend deadlines to account for delays resulting from the mail system.

The court refers to the previous orders explaining that a *pro se* plaintiff in a civil action has no constitutional or statutory right to counsel and setting forth the factors for consideration in the analysis. *See Parham v. Johnson,* 126 F.3d 454, 456 (3d Cir. 1997); *Tabron v. Grace,* 6 F.3d 147, 153, 155-56 (3d Cir. 1993). Plaintiff has not adequately supported his request for appointment of counsel at this early stage, before a scheduling order has been entered. Plaintiff may renew the motion if, at a later stage in the case when discovery is underway, he is impeded from necessary discovery or investigation. *Montgomery v. Pinchak,* 294 F.3d 492, 504 (3d Cir. 2002). Any renewed motion must clearly and specifically identify the impediments and explain

8

how they prevent him from presenting his case. *See Lambing v. Ransom*, 2025 WL 2997030, at *5 (M.D. Pa. Oct. 24, 2025). The court will not entertain renewed motions to appoint counsel which fail to discuss the relevant factors and do not identify a specific impediment to Plaintiff's ability to litigate the case.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court GRANT-IN-PART the Moving Defendants' pending motion to dismiss. (D.I. 27) Specifically, I recommend that the court DISMISS without prejudice all claims against Ceresini, Madigan, and Runnie and the misuse of force and deliberate indifference claims against Long. I recommend that the court DENY the Moving Defendants' motion to dismiss the claims against Hubbs and the Fourteenth Amendment due process claim against Long. As to the nondispositive motions, IT IS ORDERED that:

1. Defendants' motion to stay the deadline for discovery responses is DENIED as moot. (D.I. 34)

2. Plaintiff's motion to compel an answer or order default judgment is DENIED. (D.I. 42)

3. Plaintiff's sixth motion to appoint counsel is DENIED without prejudice to renew at the appropriate time. (D.I. 45)

The Report and Recommendation on the Moving Defendants' motion to dismiss is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The Order on the remaining nondispositive motions is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.

9

Fed. R. Civ. P. 72(a) & (b).  The objections and responses to the objections are limited to ten (10) pages each.

The failure of a party to object to legal conclusions in a Report and Recommendation may result in the loss of the right to de novo review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).  The failure of a party to object to rulings made on nondispositive motions may result in the loss of the right to appellate review.  *See United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 1, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

10