**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DANIEL M. WOODS, | |
| Plaintiff, | |
| v. | C.A. No. 24-1085-GBW-SRF |
| WARDEN SCOTT CERESINI, *et. al.*, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court are the objections of Plaintiff Daniel M. Woods ("Plaintiff") (D.I. 55; D.I. 56; D.I. 57) to the Report and Recommendation of Magistrate Judge Sherry R. Fallon ("Judge Fallon") (D.I. 53), in which Judge Fallon recommends that the Court grant-in-part and deny-in-part Defendants Warden Ceresini, Lt. Long, Sgt. Hubbs, Sgt. Madigan, and Sgt. Runnie's (the "Moving Defendants") Motion to Dismiss (D.I. 27). For the reasons set forth below, Plaintiff's objections (D.I. 55; D.I. 56; D.I. 57) are OVERRULED and Judge Fallon's Report and Recommendation (D.I. 53) is ADOPTED. The Moving Defendants' Motion to Dismiss is GRANTED-IN-PART and DENIED-IN-PART.

## I.    BACKGROUND

### A.    Factual Background

On January 26, 2024, Plaintiff, then an inmate at Sussex Correctional Institute, was ordered to provide a urine test, despite Plaintiff having difficulty urinating due to his medical conditions. (D.I. 19 ¶ 13). Once Plaintiff was unable to provide a urine test in the time allotted, Sgt. Hubbs and Capt. Mitchell began to escort Plaintiff to the receiving room. (*Id.* ¶ 14). Despite Plaintiff informing Capt. Mitchell that Plaintiff required a cane to walk (due to his medical disabilities),

1

Capt. Mitchell refused to provide Plaintiff his cane, which caused Plaintiff severe pain. (*Id.*). After Plaintiff arrived in the receiving room, Sgt. Hubbs and Capt. Mitchell left Plaintiff in the custody of Sgt. McTeer. (*Id.* ¶ 15). Plaintiff then informed Sgt. McTeer that he required his cane to walk, but Sgt. McTeer forced Plaintiff to walk toward the isolation unit without his cane. (*Id.* ¶¶ 16-17). Halfway toward the isolation unit, Sgt. McTeer remembered that Plaintiff needed to be brought to the medical staff before being placed in isolation. (*Id.* ¶ 18). Once Plaintiff was brought to the medical office, Nurse Leah Johnson ("Ms. Johnson") informed Sgt. McTeer that Plaintiff required his cane, an extra blanket, and medical equipment due to his disabilities. (*Id.* ¶ 20). Despite being informed of Plaintiff's required accommodations, Sgt. McTeer escorted Plaintiff to isolation without his cane, causing Plaintiff severe pain. (*Id.* ¶¶ 22-23). Once Plaintiff arrived at isolation, Plaintiff informed Sgt. McTeer and other staff that he required a handicap cell, but was not provided one due to it being occupied by another, non-disabled inmate. (*Id.* ¶ 24). Plaintiff ultimately spent 6.5 days without his required medical equipment, causing severe pain. (*Id.* ¶ 27).

Plaintiff was ultimately disciplined for refusing to cooperate in drug abuse testing. (*Id.* ¶ 30). At Plaintiff's disciplinary hearing, Lt. Long failed to call witnesses that Plaintiff requested, which resulted in Plaintiff being found guilty of refusing to cooperate in drug abuse testing. (*Id.* ¶ 32).

### B.    **Procedural History**

On September 27, 2024, Plaintiff initiated the present action under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments. (D.I. 2 at 8). On May 12, 2025, Plaintiff moved for leave to file a Second Amended Complaint, which the Court granted on May 27, 2025. (D.I. 19; D.I. 20). On October 22, 2025, the Moving Defendants moved to dismiss the Second Amended Complaint ("Motion to Dismiss"). (D.I. 27). On March 13, 2026, this case was referred to Magistrate Judge Sherry R. Fallon ("Judge Fallon") "to hear and resolve all pretrial

2

matters, up to and including the resolution of case-dispositive motions, subject to 28 U.S.C. § 636(b) and any further Order of the Court." (D.I. 36). On June 1, 2026, Judge Fallon issued a Report and Recommendation, in which she recommended that the Court dismiss without prejudice all claims against Defendants Warden Ceresini, Sgt. Madigan, and Sgt. Runnie ("Report and Recommendation"). (D.I. 53 at 9). Judge Fallon further recommended that the Court dismiss the misuse of force and deliberate indifference claims against Lt. Long. (*Id.*). Judge Fallon recommended that the Court deny the Moving Defendants' Motion to Dismiss as to the claims asserted against Sgt. Hubbs and the Fourteenth Amendment claim against Lt. Long. (*Id.*). Plaintiff filed several "sur-reply" briefs in opposition to the Moving Defendants' Motion to Dismiss, after Judge Fallon issued her Report and Recommendation, which the Court construes as objections. (D.I. 55; D.I. 56; D.I. 57). The Court now turns to the merits.

## II.    **STANDARD OF REVIEW**

In reviewing a Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. *Id.* As to those portions to which no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6) Motion to Dismiss

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).  But the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Static Media*, Civ. No. 23-1078-GBW, 2024 WL 4103719, at *2 (D. Del. Sep. 6, 2024).  "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420).  The "movant bears the burden of demonstrating that the complainant

failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 23-239 (KAJ), 2024 WL 2804703, at *1 (D. Del. May 31, 2024).

## IV. DISCUSSION

After Judge Fallon issued her Report and Recommendation (D.I. 53), Plaintiff filed several documents styled as sur-reply briefs which addressed the substance of the Moving Defendants' Motion to Dismiss (D.I. 27). (*See* D.I. 55; D.I. 56; D.I. 57). Although Plaintiff does not address Judge Fallon's Report and Recommendation in Plaintiff's subsequent filings (*see* D.I. 55 (not discussing Judge Fallon's Report and Recommendation); D.I. 56 (same); D.I. 57 (same)), the Court will nonetheless construe Plaintiff's filings as objections to Judge Fallon's Report and Recommendation.[1] For the reasons set forth below, Plaintiff's Objections to Judge Fallon's Report and Recommendation are OVERRULED and the Report and Recommendation is ADOPTED.

### A. Warden Ceresini

Plaintiff first proffers additional arguments in opposition to the dismissal of all claims against Warden Ceresini. (*See* D.I. 55 at 1-2; D.I. 56 at 2-3). Specifically, Plaintiff asserts that Warden Ceresini has been made aware of the actions taken by his subordinates that resulted in the injury of Plaintiff, and that Warden Ceresini has failed to investigate or discipline his staff for those actions. (D.I. 55 at 1-2; D.I. 56 at 2-3). However, as Judge Fallon correctly concluded, "[t]he amended complaint does not allege that [Warden] Ceresini participated in the actions that purportedly violated Plaintiff's constitutional rights or that he expressly directed the deprivation

---

[1]    The Moving Defendants have not filed objections to Judge Fallon's Report and Recommendation, and, thus, the Court construes the portions of Judge Fallon's Report and Recommendation that recommend the Court deny the Moving Defendants' Motion to Dismiss for clear error. *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes (As to those portions to which no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

of Plaintiff's constitutional rights." (D.I. 53 at 5). Plaintiff's subsequent arguments in support of maintaining Warden Ceresini as a defendant do not allege any direct involvement of Warden Ceresini in violating Plaintiff's constitutional rights, but merely rehash Plaintiff's arguments regarding Warden Ceresini's failure to investigate. Importantly, the Third Circuit has held that "[t]he mere failure of supervisory officials to act or investigate cannot be the basis of liability." *Stoneking v. Bradford Area School District*, 882 F.2d 720, 730 (3d Cir. 1989). Thus, the Court ADOPTS the Report and Recommendation as to Warden Ceresini for the reasons stated therein, the Moving Defendants' Motion to Dismiss all claims against Warden Ceresini is GRANTED, and all claims against Warden Ceresini are DISMISSED.

B.    **Lieutenant Long**

Plaintiff next opposes dismissal of the claims against Lt. Long because Lt. Long was not an impartial hearing officer at Plaintiff's hearing for refusing to cooperate in drug abuse testing. (D.I. 55 at 3-4). According to Plaintiff, Capt. Mitchell ordered Lt. Long to find Plaintiff guilty of failure to cooperate in drug abuse testing before Plaintiff's hearing. (*Id.*).

Importantly, Plaintiff does not proffer additional arguments regarding Plaintiff's misuse of force or deliberate indifference claims against Lt. Long. (*See id.*). Instead, Plaintiff only proffers arguments relating to Plaintiff's due process claim against Lt. Long. (*See id.*). Judge Fallon recommended that Plaintiff's misuse of force and deliberate indifference claims against Lt. Long be dismissed, and that Plaintiff's due process claim be allowed to proceed. (D.I. 53 at 6). Because Plaintiff does not proffer any new arguments in support of maintaining Plaintiff's misuse of force or deliberate indifference claims against Lt. Long, the Court reviews Judge Fallon's Report and Recommendation as to the misuse of force and deliberate indifference claims asserted against Lt. Long for clear error. *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes (As to those portions to which no objections have been made, the Court must "satisfy itself that there is no clear error

6

on the face of the record in order to accept the recommendation."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made). Finding no clear error, the Court ADOPTS Judge Fallon's Report and Recommendation as to the deliberate indifference and excessive force claims asserted against Lt. Long for the reasons stated therein. Furthermore, the Moving Defendants did not object to Judge Fallon's Report and Recommendation in which she recommended the Fourteenth Amendment Claim asserted against Lt. Long be allowed to proceed. Thus, the Court reviews Judge Fallon's Report and Recommendation as to the Fourteenth Amendment claim asserted against Lt. Long for clear error. Finding no clear error, the Court ADOPTS Judge Fallon's Report and Recommendation as to the Fourteenth Amendment claim asserted against Lt. Long for the reasons stated therein.

For the reasons stated above, the Moving Defendants' Motion to Dismiss Plaintiff's deliberate indifference and excessive force claims against Lt. Long is GRANTED. Plaintiff's deliberate indifference and excessive force claims against Lt. Long are DISMISSED. The Moving Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment Claim is DENIED. Plaintiff's Fourteenth Amendment claim against Lt. Long shall proceed.

### C.    <u>Sergeant Hubbs</u>

Plaintiff next proffers additional arguments in support of maintaining his claims against Sgt. Hubbs. (*See* D.I. 55 at 2-3; D.I. 56 at 1-2). However, Judge Fallon recommended that all claims against Sgt. Hubbs be allowed to proceed. (D.I. 53 at 6). Thus, the Court reviews Judge Fallon's Report and Recommendation as to Sgt. Hubbs for clear error. *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes (As to those portions to which no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining

7

the district court's responsibility "to afford some level of review" when no objections have been made). Finding no clear error, the Court ADOPTS Judge Fallon's Report and Recommendation as to Sgt. Hubbs for the reasons stated therein. The Moving Defendants' Motion to Dismiss Plaintiff's claims against Sgt. Hubbs is DENIED.

### D.    Sergeants Madigan and Runnie

Plaintiff proffers no additional arguments in opposition of the Moving Defendants' Motion to Dismiss all claims against Sgts. Madigan and Runnie. (*See* D.I. 55; D.I. 56; D.I. 57). Thus, the Court reviews Judge Fallon's Report and Recommendation as to Sgts. Madigan and Runnie for clear error. *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes (As to those portions to which no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made). Finding no clear error, the Court ADOPTS Judge Fallon's Report and Recommendation as to Sgts. Madigan and Runnie for the reasons stated therein. All claims against Sgts. Madigan and Runnie are DISMISSED.

## V.    CONCLUSION

For the reasons stated above, Plaintiff's Objections to Judge Fallon's Report and Recommendation (D.I. 55; D.I. 56; D.I. 57) are OVERRULED and Judge Fallon's Report and Recommendation is ADOPTED. The Moving Defendants' Motion to Dismiss is GRANTED as to Warden Ceresini, Sgt. Madigan, and Sgt. Runnie; GRANTED-IN PART and DENIED-IN-PART as to Lt. Long; and DENIED as to Sgt. Hubbs.

*    *    *

NOW THEREFORE, IT IS **HEREBY ORDERED** on July 10, 2026 that:

8

1.    Plaintiff's Objections (D.I. 55; D.I. 56; D.I. 57) to Judge Fallon's Report and Recommendation (D.I. 53) are **OVERRULED**;

2.    The Report and Recommendation (D.I. 53) is **ADOPTED**;

3.    The Moving Defendants' Motion to Dismiss (D.I. 27) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

a.    The Moving Defendants' Motion to Dismiss all claims against Warden Ceresini is **GRANTED**.  All claims against Warden Ceresini are **DISMISSED** without prejudice.

b.    The Moving Defendants' Motion to Dismiss Plaintiff's deliberate indifference and excessive force claims against Lt. Long is **GRANTED**. Plaintiff's deliberate indifference and excessive force claims against Lt. Long are **DISMISSED** without prejudice.

c.    The Moving Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment claim against Lt. Long is **DENIED**.

d.    The Moving Defendants' Motion to Dismiss all claims against Sgt. Hubbs is **DENIED**.

e.    The Moving Defendants' Motion to Dismiss all claims against Sgt. Madigan is **GRANTED**. All claims against Sgt. Madigan are **DISMISSED** without prejudice.

f.    The Moving Defendants' Motion to Dismiss all claims against Sgt. Runnie is **GRANTED**. All claims against Sgt. Runnie are **DISMISSED** without prejudice.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE