**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DANIEL M. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-1085-GBW-SRF |
| | ) | |
| WARDEN SCOTT CERESINI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Pending before the court in this civil rights action are the following motions: (1) an emergency motion for a temporary restraining order and/or preliminary injunction, filed by plaintiff Daniel M. Woods ("Plaintiff"), (D.I. 77); (2) two motions to compel discovery, filed by Plaintiff, (D.I. 57; D.I. 89); (3) Plaintiff's motion for appointment of counsel, (D.I. 58); and (4) Plaintiff's motion for clarification of the issues, (D.I. 78). For the following reasons, I recommend that the court DENY Plaintiff's motion for a temporary restraining order. (D.I. 77) The remaining nondispositive motions are DENIED without prejudice pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).

## I. BACKGROUND

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff's amended complaint asserts causes of action for excessive force and denial of medical care in violation of the Eighth Amendment of the United States Constitution, as well as a due process claim under the Fourteenth Amendment for confinement in segregation. (D.I. 19 at 1) The pleaded allegations focus on events that occurred on January 26, 2024, when Plaintiff was an inmate at Sussex Correctional Institution ("SCI"). On that date, Plaintiff was ordered to provide a urine test but was unable to complete the test due to an unspecified medical condition. (*Id.* at ¶ 13)

Plaintiff was written up for refusing to cooperate in drug abuse testing. (*Id.* at ¶ 30) A more detailed description of the pleaded allegations is found in the Report and Recommendation issued on June 1, 2026. (D.I. 53)

## II. ANALYSIS

### A. Motion for Temporary Restraining Order

Plaintiff filed a motion for temporary restraining order seeking to enjoin non-party Delaware Department of Correction ("DDOC") from filing a sentencing recommendation report in the Delaware Superior Court.[1] (D.I. 77) A party seeking preliminary injunctive relief must establish: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)). The Supreme Court has cautioned that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation and quotations omitted).

As a preliminary matter, Plaintiff has not established that the requested injunction is within the authority of this court to grant. Plaintiff cites no cases to support his request to enjoin the DDOC from filing documents pertaining to his sentence in his state criminal proceeding. *See*

---

[1] Plaintiff attaches to his motion the document he seeks to preclude, titled "4217 Notice of Review Decision." (D.I. 77-2) The document provides that, pursuant to 11 *Del. C.* § 4217 "and in a unanimous vote, the Department of Correction does not find this individual appropriate for a modification of sentence and believes the release of WOODS DANIEL M would present a likelihood of posing a substantial risk to the community, to include to the victim or witness, or one's self." (*Id.*)

*Carr v. Stephens*, 2015 WL 13387242, at *1 (S.D. Tex. July 13, 2015) ("Injunctive relief in the form of 'superintending federal injunctive decrees directing state officials,' is an extraordinary remedy." (quoting *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985)). Plaintiff contends he will be harmed in the absence of injunctive relief because the DDOC's sentencing recommendation may result in a denial of his release from prison. (D.I. 77 at 2) To the extent Plaintiff seeks a modification of his state criminal sentence, however, it is well-established that the court cannot modify his sentence or enjoin the enforcement of his sentence in a civil rights action under 42 U.S.C. § 1983. *Wenk v. Uyl*, 2019 WL 4277425, at *1 (D.N.J. Sept. 10, 2019) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)).

Plaintiff also fails to demonstrate a likelihood of irreparable injury in the absence of injunctive relief. *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009) ("A failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction."). Plaintiff seeks to enjoin the DDOC from filing a sentencing recommendation in the Delaware Superior Court, which Plaintiff alleges will have a direct impact on his opportunity for release. (D.I. 77 at 1) But Plaintiff does not suggest that the Delaware Superior Court will accept the DDOC's recommendation without independent review. Plaintiff's allegations of future harm, which are dependent on the ultimate decision of the Delaware Superior Court, are too speculative to establish irreparable injury in the absence of injunctive relief. Consequently, I recommend that the court DENY Plaintiff's motion for a temporary restraining order.

**B. Nondispositive Motions**

Plaintiff's motions to compel discovery are DENIED without prejudice. (D.I. 57; D.I. 89) In a document filed on June 15, 2026, titled "Motion for Default and Motion to Compel

Discovery," Plaintiff refers to discovery requests served on April 13, 2026. (D.I. 57 at 1) On that date, Plaintiff served requests for admission pursuant to Federal Rule of Civil Procedure 36. (D.I. 37) However, Plaintiff's argument appears to be directed to Defendants' alleged failure to produce documents responsive to unspecified requests for production. Since Plaintiff filed the motion on June 15, 2026, Defendants have made several document productions. (D.I. 62; D.I. 63; D.I. 64; D.I. 66; D.I. 67; D.I. 69) Plaintiff's motion to compel filed on June 15, 2026 is therefore DENIED as moot.

On October 20, 2026, Plaintiff filed another motion to compel discovery. (D.I. 89) Plaintiff refers generally to discovery requests he served on September 19, 2025, December 15, 2025, April 21, 2026, April 28, 2026, May 11, 2026, and July 13, 2026. (*Id.* at 1-2) According to Plaintiff, Defendants "have not filed 'any' 'discovery'" responsive to his requests. (*Id.* at 2) However, Defendants made several document productions in July of 2026 which are reflected on the public docket. (D.I. 62; D.I. 63; D.I. 64; D.I. 66; D.I. 67; D.I. 69) Because Plaintiff's motion fails to identify specific deficiencies in the discovery responses made by Defendants, Plaintiff's motion to compel dated October 20, 2026 is DENIED without prejudice. (D.I. 89)

Plaintiff's motion for the appointment of counsel is DENIED without prejudice for the reasons stated in prior court orders:

| **Docket #** | **Date Filed** | **Disposition** |
|---|---|---|
| D.I. 5 | 9/27/2024 | DENIED without prejudice. (D.I. 9) |
| D.I. 12 | 1/24/2025 | DENIED without prejudice. (D.I. 18) |
| D.I. 21 | 6/23/2025 | DENIED without prejudice. (D.I. 26) |
| D.I. 39 | 4/20/2026 | DENIED without prejudice. (D.I. 40) |
| D.I. 41 | 4/27/2026 | DENIED without prejudice. (D.I. 44) |
| D.I. 45 | 4/28/2026 | DENIED without prejudice. (D.I. 53) |
| D.I. 87 | 10/20/2026 | DENIED without prejudice. (D.I. 92) |
| D.I. 91 | 10/20/2026 | DENIED without prejudice. (D.I. 92) |

Plaintiff's motion for clarification is also DENIED without prejudice. (D.I. 78) The motion appears to be an attempt to argue the substantive merits of Plaintiff's case, and the court cannot discern the scope of the relief requested. (*Id.* at 2-4) Plaintiff may not amend the pleading by filing a motion for clarification of the issues.

## III. CONCLUSION

For the reasons discussed above, I recommend that the court DENY Plaintiff's motion for a temporary restraining order. (D.I. 77) The remaining nondispositive motions to compel (D.I. 57; D.I. 89), to appoint counsel (D.I. 58), and to seek clarification of the issues (D.I. 78), are DENIED without prejudice pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).

The Report and Recommendation on Plaintiff's motion for a temporary restraining order is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The Order on the remaining nondispositive motions is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(a) & (b). The objections and responses to the objections are limited to ten (10) pages each.

The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). The failure of a party to object to rulings made on nondispositive motions may result in the loss of the right to appellate review. *See United Steelworkers of Am., AFL-CIO v.*

*New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 27, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE